IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIUS DICKERSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF CHICAGO, a municipal )<br>corporation; Chicago Police Officers: )<br>TOMAS E. ALMAZAN, JACK M. REED, )<br>COLIN J. SULLIVAN, CEDRICK PARKS, )<br>QUINTIN BRADLEY, and )<br>SCOTT SOREGHEN, )<br>)<br>Defendants. ) | Case No. 21-cv-02955<br><br>Judge Mary M. Rowland |

**FIRST AMENDED COMPLAINT**

Plaintiff DARIUS DICKERSON ("Plaintiff"), by and through his attorneys, makes the following First Amended Complaint against Defendant CITY OF CHICAGO, a municipal corporation, ("Defendant City"); and Chicago Police Officers: TOMAS E. ALMAZAN, Star No. 14092; COLIN J. SULLIVAN, Star No. 17811; JACK M. REED, Star No. 18666; CEDRICK PARKS, Star No. 1313; QUINTIN BRADLEY, Star No. 14371; and SCOTT SOREGHEN, Star No. 17722 (with all individual officers hereinafter collectively referred to as "Defendant Officers"), and states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343. Additionally, the Court has supplemental jurisdiction under title 28 U.S.C. §1367 for all state-related claims.

1

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this First Amended Complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Darius Dickerson was a 27 year-old African-American male resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were police officers employed by Defendant City, and were acting under the color of the law and within the scope of their employment.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL BACKGROUND

7. On August 24, 2018, at approximately 10:00 p.m., Plaintiff was arrested by Defendant Officers near the intersection of 132nd Street and Ellis Avenue in Chicago, Illinois.

8. In the course of the arrest, Defendant Officers placed Plaintiff into a chokehold that restricted Plaintiff's breathing, in direct contravention of Illinois law, including but not limited to 720 ILCS 5/7-5.5.

9. Shortly thereafter, Defendant Officers forcefully struck Plaintiff and placed Plaintiff face-first on the pavement. While attempting to lock the handcuffs, Defendant Officers placed a knee and hand forcefully on top of Plaintiff's back.

10. Upon information and belief, none of the Defendant Officers intervened to prevent their fellow officers from using extreme and excessive force against Plaintiff.

11. At the time of the arrest, no weapons were located on Plaintiff's person or in the automobile.

12. At the time of the arrest, Plaintiff did not pose a significant threat to the Defendant Officers, himself or the public.

13. As a result of the level of force used upon Plaintiff during his arrent, Plaintiff sustained injury to his chest, head, and upper body that required he be transported to the hospital for treatment shortly after the arrest.

14. As a result of the level of force used upon Plaintiff during his arrest, Plaintiff sustained injury to his spine that has required ongoing treatment and resulted in past and present pain and suffering, and will continue to result in pain and suffering in the future.

15. As a result of the level of force used upon Plaintiff during his arrest, Plaintiff sustained injury to his head, chest, back, and upper body that has required ongoing treatment and resulted in past and present pain and suffering, and will continue to result in pain and suffering in the future.

**COUNT I – 42 U.S.C. § 1983 – Excessive Force Against All Defendants**

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. On or about August 24, 2018, Defendant Officers subjected Plaintiff to excessive force.

18. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

19. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant City and its Police Department in that:

    a. As a matter of both policy and practice, Defendant City and its Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, Defendant City and its Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendant City and its police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Police Department of Defendant City subject residents to excessive force in a manner similar to that alleged by Plaintiff in this Count on a frequent basis; and

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Police Department of Defendant City, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case.

20. As a result of the unjustified and excessive use of force by Defendant Officers, as well as Defendant City's policy and practice, Plaintiff has sustained severe injuries requiring ongoing medical treatment; past and present pain and suffering; Plaintiff will sustain future pain and suffering; and additional damages to be shown by the evidence in this case.

21. The unjustified excessive force was committed knowingly, willfully, and in direct violation of Illinois law prohibiting the utilization of chokeholds.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer. Additionally, Plaintiff seeks punitive damages against Defendant Officers, costs and reasonable attorney fees, and any other relief as this Court finds just and equitable.

**COUNT II – 42 U.S.C. § 1983 – Failure to Intervene Against All Defendants**

22. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

23. Defendant Officers failed to intervene to prevent the use of excessive force against Plaintiff.

24. Defendant Officers had a reasonable opportunity to prevent this harm, but failed to do so.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

26. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant City's Police Department in that:

   a. As a matter of both policy and practice, Defendant City's Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, Defendant City's Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Police Officers of Defendant City to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of Defendant City's Police Department subject residents to excessive force in a manner similar to that alleged by Plaintiff in this Count on a frequent basis; and

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in Defendant City's Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case.

27. As a result of Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff has sustained severe injuries requiring ongoing medical

treatment; past and present pain and suffering; Plaintiff will sustain future pain and suffering; and additional damages to be shown by the evidence in this case.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer. Additionally, Plaintiff seeks punitive damages against Defendant Officers, costs and reasonable attorney fees, and any other relief this Court finds just and equitable.

### COUNT III – Battery Against Defendant Officers

28. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

29. Defendant Officers maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to Plaintiff. Additionally, Defendant Officers knew with reasonable certainty that their actions would cause Plaintiff physical harm.

30. Defendant Officers were acting as employees of Defendant City and within the scope of their employment when they physically assaulted Plaintiff on or about August 24, 2018.

31. Plaintiff has sustained severe injuries requiring ongoing medical treatment; past and present pain and suffering; Plaintiff will sustain future pain and suffering; and additional damages to be shown by the evidence in this case.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in an amount sufficient to compensate him for the pain and injuries he suffered and continues to suffer. Additionally, Plaintiff seeks punitive damages against Defendant Officers, costs and reasonable attorney fees, and any other relief this Court finds just and equitable.

### COUNT IV - Respondeat Superior and Indemnification Against Defendant City

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

34. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against all Defendants in an amount sufficient to compensate him for the pain and injuries he suffered. Additionally, Plaintiff seeks costs and reasonable attorney fees, and any other relief this Court finds just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: December 15, 2021

                                            Respectfully submitted,

                                            FLETCHER & SIPPEL LLC

                                                /s/ Thomas C. Paschalis
                                            One of the Attorneys for Plaintiff

Thomas C. Paschalis, IL Bar No. 6300518
Sherry H. Joseph, IL Bar No. 6327106
Fletcher & Sippel LLC
29 North Wacker Drive, Suite 800
Chicago, Illinois 60606-3208
Telephone:    312-252-1500
Facsimile:     312-252-2400
Email:         tpaschalis@fletcher-sippel.com
                sjoseph@fletcher-sippel.com

**CERTIFICATE OF SERVICE**

The undersigned states that on the 15th day of December, 2021, before 11:59 p.m., I caused the **First Amended Complaint** to be filed via the ECF System for the United States District Court, Northern District of Illinois and served via e-mail, upon the following:

Danielle M. Alvarez
City of Chicago, Law Department
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2784
danielle.alvarez2@cityofchicago.org

*ATTORNEY FOR CITY OF CHICAGO*

/s/ Thomas C. Paschalis
Thomas C. Paschalis
One of Plaintiff's Attorneys